UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00066 |
| Plaintiff, | : | OPINION & ORDER [Resolving Docs. 13, 17] |
| vs. | : | |
| KYLE ALLEN, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Kyle Allen moves for a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Allen's motion.

## I. Background

On April 4, 2017, Defendant Allen pleaded guilty to one count of felon in possession of a firearm.[3] On August 23, 2017, this Court sentenced Allen to 84 months of incarceration and three years of supervised release.[4]

## II. Discussion

On January 14, 2021, Defendant Allen *pro se* moved for compassionate release.[5] Allen seeks a sentence reduction due to health conditions that increase Allen's risk of serious illness if he contracts COVID-19.

[1] Docs. 13, 17.
[2] Doc. 21.
[3] Doc. 5.
[4] Doc. 11.
[5] Doc. 13. On April 1, 2021, counsel filed a supplement to Allen's compassionate release motion. Doc. 17.

The Government opposes.[6] The Government argues that Allen has not established that extraordinary and compelling reasons warrant release. Further, the Government contends Allen remains a danger to the community.

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[7]

The Government concedes Defendant Allen has satisfied the statutory exhaustion requirement.[8] Therefore, the Court moves on to consider Allen's eligibility for a sentence reduction.

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[9] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[10]

---

[6] Doc. 21.

[7] 18 U.S.C. § 3582(c)(1)(A); *see also* *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).

[8] Doc. 21 at 12.

[9] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

[10] *Id.* (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[11] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[12]

The Court is not persuaded that extraordinary and compelling reasons warrant early release. Though Defendant Allen suffers from hypertension and obesity, conditions that increase Allen's risk for serious illness if he contracts COVID-19,[13] he recently recovered from an asymptomatic COVID-19 infection.[14] Accordingly, his present risk of a COVID-19 reinfection is likely lower.[15]

Moreover, the § 3553 sentencing factors do not support compassionate release. Allen has a relatively long criminal history, including a prior conviction for felonious assault. The Court sentenced Allen to 84 months of incarceration in an effort prevent Allen from re-offending.[16]

---

[11] *See* *Elias*, 984 F.3d at 519. ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[12] *Jones*, 980 F.3d at 1111.

[13] *See* Centers for Disease Control and Prevention, *Medical Conditions*, Mar. 29, 2021, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 22, 2021).

[14] Doc. 17-2. *See also* Doc. 17 at 3–4. Doc. 21 at 13.

[15] *See* Combat COVID, *I Had COVID-19 in the Past*, https://combatcovid.hhs.gov/ive-had-covid-19 (last visited April, 22, 2021) ("However, of the millions of patients who have recovered from COVID-19, which is caused by a coronavirus, only a handful have been confirmed as having gotten the disease again. Based on the reported recurrence rate from the early stages of ongoing research, the changes of becoming reinfected appear to be very small.").

[16] Doc. 12.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Allen's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: April 26, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE