UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:17-cr-00066 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 24] |
| v. | : | |
| | : | |
| KYLE ALLEN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Kyle Allen moves for a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

In deciding this motion, the Court must determine whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[3] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[4]

For the following reasons, the Court **DENIES** Defendant Allen's motion for compassionate release.

I.   Background

On April 4, 2017, Defendant Allen pleaded guilty to one count of felon in possession of a firearm.[5] On August 23, 2017, this Court sentenced Allen to 84 months of incarceration

---

[1] Doc. 24.
[2] Doc. 26.
[3] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding federal judges have full discretion to define extraordinary and compelling).
[4] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[5] Doc. 5.

Case No. 1:17-cr-00066
GWIN, J.

and three years of supervised release.[6]

On January 14, 2021, Defendant Allen *pro se* moved for compassionate release.[7] Allen sought a sentence reduction due to health conditions that increase Allen's risk of serious illness if he contracts COVID-19. The Government opposed, arguing that Allen had not established that extraordinary and compelling reasons warranted release.[8] The Government also argued that Allen remained a danger to the community.

This Court denied Allen's January 2021 motion for compassionate release.[9] This Court was, "not persuaded that extraordinary and compelling reasons warrant early release."[10] Further, this Court found the § 3553 sentencing factors did not support compassionate release.

On October 25, 2021, Defendant Allen *pro se* again moved for compassionate release.[11] He says that relief should be granted because, "'extraordinary and compelling reasons' exist for a reduction in his sentence," but he does not state what those reasons are.[12]

The Government opposes.[13]

## II. Discussion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received a

---

[6] Doc. 11.
[7] Doc. 13. On April 1, 2021, counsel filed a supplement to Allen's compassionate release motion. Doc. 17 (Sealed).
[8] Doc. 21 (Sealed).
[9] Doc. 23.
[10] *Id.* at 3. "Though Defendant Allen suffers from hypertension and obesity, conditions that increase Allen's risk for serious illness if he contracts COVID-19, he recently recovered from an asymptomatic COVID-19 infection. Doc. 17-2 (Sealed). *See also* Doc. 17 (Sealed) at 3–4. Doc. 21 (Sealed) at 13. Accordingly, his present risk of a COVID-19 reinfection is likely lower."
[11] Doc. 24.
[12] *Id.* at 2.
[13] Doc. 26.

Case No. 1:17-cr-00066
GWIN, J.

defendant's compassionate release motion.[14] Defendant Allen states he requested compassionate release from the FCI McKean warden over 30 days ago.[15] Defendant does not, however, include any documentation of that request.

Even assuming Defendant Allen has satisfied the exhaustion requirement, no extraordinary or compelling reasons warrant release. Defendant Allen says he accepts responsibility for his criminal conduct and expresses deep regret.[16] He requests, "a second chance to reclaim his life."[17] While this Court has discretion to define what constitutes an "extraordinary and compelling" reason warranting release, Defendant Allen fails to include any specific bases for his request.

Moreover, the § 3553 sentencing factors do not support compassionate release. Allen has a relatively long criminal history, including a prior conviction for felonious assault. The Court sentenced Allen to 84 months after considering the § 3553 factors.[18]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Allen's motion for compassionate release.

IT IS SO ORDERED.

Dated: December 14, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[14] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[15] Doc. 24 at 2.
[16] *Id.* at 1.
[17] *Id.*
[18] Doc. 12.